**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| JIM LEWIS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 1:23-CV-8 (LAG) |
| : | |
| LOWES HOME CENTERS LLC, : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

Before the Court are Plaintiff's Motion for a Forty-Five Day Extension of Time for Completion of Discovery (Doc. 29), Motions to Supplement Plaintiff's Motion for a Forty-Five Day Extension of Time for Completion of Discovery (Docs. 34, 38, 39), Motion for Leave to File Over-Length Reply Brief (Doc. 43), Report to the Court Regarding Data Recovery Status (Doc. 35), and Motion for a Six Day Extension of Time to Produce Edited Audio Files (Doc. 37). For the reasons explained below, Plaintiff's Motion for a Forty-Five Day Extension of Time for Completion of Discovery (Doc. 29) is **GRANTED in part**, Plaintiff's Motions to Supplement (Docs. 34, 38, 39) are **DENIED**, and Plaintiff's Motion for Leave to File Over-Length Reply Brief (Doc. 43) is **DENIED** as moot. Plaintiff's Motion for a Six Day Extension of Time to Produce Edited Audio Files (Doc. 37) is **DENIED**.

Plaintiff filed this employment discrimination action against Defendant Lowe's Home Centers, LLC on January 9, 2023. (Doc. 1). On March 16, 2023, the Court entered its Scheduling and Discovery Order. (Doc. 17). Plaintiff filed the Second Amended Complaint, the operative pleading, on May 1, 2023. (Doc. 22). Therein, Plaintiff asserts claims for race discrimination, harassment, and retaliation under Title VII of the Civil Rights Act and for violations of the Federal Trade Commission Act, the Occupational Safety and Health Act, the Fair Labor Standards Act, and the Georgia Whistleblower Act.

(*Id.* ¶¶ 2–97). On May 15, 2023, Defendant filed its Answer and a Partial Motion to Dismiss Plaintiff's Second Amended Complaint. (Docs. 24, 25). On July 19, 2023, Plaintiff filed a Motion for a Forty-Five Day Extension of Time for Completion of Discovery, seeking to extend the September 12, 2023, deadline for discovery. (Doc. 29; Doc. 17 ¶ 5). Defendant responded to Plaintiff's extension request on July 25, 2023. (Doc. 32). On July 28, 2023, Plaintiff filed a Motion to Supplement his Motion for a Forty-Five Day Extension of Time for Completion of Discovery. (Doc. 34). Plaintiff filed a Second and Third Motion to Supplement his Motion for a Forty-Five Day Extension of Time for Completion of Discovery on August 21 and 28, 2023. (Docs. 38, 39). Defendants responded to the Second and Third Motions to Supplement on September 5, 2023. (Docs. 40, 41). Plaintiff filed his Reply on September 7, 2023. (Doc. 42). The clerk's office entered a notice on the docket explaining that Plaintiff had exceeded the ten-page limit for reply briefs. (*See* Docket); *see* M.D. Ga. L.R. 7.4. He subsequently filed a Motion for Leave to File Over-Length Reply Brief the same day. (Doc. 43).

On July 26, 2023, the Court held a discovery conference. (Doc. 33). During the conference, the Court granted in part and denied in part Defendant's Partial Motion to Dismiss and dismissed Plaintiff's Federal Trade Commission Act, Occupational Safety and Health Act, and Georgia Whistleblower Act claims. (*Id.*). The Court also ordered Plaintiff to file a status report regarding the repair of his hard drive, which Plaintiff represented contained relevant discovery materials, by August 9, 2023. (*Id.*). Additionally, the Court ordered Plaintiff to identify which of the 232 audio files he produced were relevant to his remaining claims by August 15, 2023. (*Id.*). Pursuant to the Court's instructions, Plaintiff filed a Report to the Court Regarding Data Recovery Status on August 9, 2023. (Doc. 35). Later that day, Defendant filed a Response to Plaintiff's Status Report. (Doc. 36). On August 14, 2023, Plaintiff filed the Motion for a Six Day Extension of Time to Produce Edited Audio Files. (Doc. 37). Thus, Plaintiff's Motions are ripe for review. *See* M.D. Ga. L.R. 7.3.

**I.      Motion for a Six Day Extension of Time to Produce Edited Audio Files**

On August 14, 2023, Plaintiff filed the Motion for a Six Day Extension of Time to Produce Edited Audio Files. (Doc. 37). Therein, Plaintiff asks the Court to extend the deadline for "produc[ing] edited audio files" from August 15 to August 21, 2023 "to ensure a thorough, accurate, and complete editing process." (*Id.* at 1). Plaintiff explains that it "took a couple of days" for him to "download and learn an audio editing program" so that he could "clip the [relevant] statements out of the original files and save them as separate and individual .wav files." (*Id.* ¶ 10).

Defendant's Counsel previously represented to the Court that Plaintiff had "produced 232 audio recording files . . . containing 'approximately 50 hours' of recordings of conversations [that Plaintiff] had with Lowe's employees during his employment." *See* E-mail from Margaret Manos, Counsel for Defendant, to Felicia Davis, Courtroom Deputy, U.S. District Court for the Middle District of Georgia (July 11, 2023, 2:13 PM EST) (on file with the Court). During the July 26, 2023, hearing, after discussing the audio recordings that had been produced, the Court stated that, because Plaintiff had "identified [the tapes] as separate conversations," Plaintiff was ordered to "go through the tapes, . . . identify who the speakers are, and identify which claim—remaining claim—that [the tape] has to do with." The Court set a deadline of August 15, 2023, for Plaintiff to identify the recordings. At the end of the hearing, the Court reiterated the relevant deadlines, specifically stating that, "by Tuesday, August 15, Plaintiff is to go through and identify the relevant recordings." At no point did the Court instruct Plaintiff to edit the audio files or extract specific statements from the recordings. Rather, the Court repeatedly instructed Plaintiff to identify which of the 203 audio files he had produced were relevant to his remaining claims.

As there is no need for Plaintiff to edit or extract the audio files, Plaintiff's Motion for a Six Day Extension of Time to Produce Edited Audio Files (Doc. 37) is **DENIED**. **To the extent that Plaintiff has not complied with the Court's Order to identify the relevant portions of the files, Plaintiff shall do so by Friday, September 22, 2023.**

## II.     Motion for a Forty-Five Day Discovery Extension & Motions to Supplement

The current deadline for discovery in this case is Tuesday, September 12, 2023. (Doc. 17 ¶ 5). Plaintiff seeks to extend the deadline for discovery by forty-five days, to Friday, October 27, 2023. (Doc. 29). In the Motion for a Forty-Five Day Extension of Time for Completion of Discovery, Plaintiff argues that additional time is needed to resolve "unfortunate technical issue[s]" he is facing with his "external backup hard drive" and "to conduct thorough interviews, obtain statements, and gather any supporting documents" for "about 30 witnesses." (*Id.* ¶¶ 1, 5, 10, 23). In its Response in Opposition to Plaintiff's Motion, Defendant argues that Plaintiff "seeks to expand the scope of discovery beyond what is relevant to the viable claims and defenses in this action" and that an extension of discovery "would allow [Plaintiff] to continue serving informal requests on Defendant for 'discovery' related to irrelevant issues." (Doc. 32 at 2, 4). During the July 26, 2023, discovery conference, the Court advised Plaintiff that any discovery requests must be relevant to his remaining claims and proportionate in scope. (Doc. 33).

Plaintiff filed the requisite status report regarding his hard drive recovery on August 9, 2023. (Doc. 35). Therein, Plaintiff represents that "the data recovery process might require an additional week or two." (Doc. 35 at 1). In a subsequent filing, Plaintiff states that the recovery process may not be complete until the second week of September. (Doc. 38 at 5–7). In response, Defendant argues that "the external hard drive issue is not a good faith basis upon which to extend the discovery period" because "Plaintiff has not identified any document on the external hard drive that he does not already have on his computer . . . or on the original flash drive containing his document production, which defense counsel [has] returned to Plaintiff[.]" (Doc. 36 ¶ 1).

As outlined above, Plaintiff also has filed three Motions to Supplement Plaintiff's Motion for a Forty-Five Day Extension of Time for Completion of Discovery. (Docs. 34, 38, 39). Plaintiff seeks "to include multiple affidavits . . . which are pertinent to [his] case." (Doc. 34 at 1). Specifically, in the First Motion to Supplement, Plaintiff seeks to include seven notarized affidavits, three affidavits "approved by [the] affiant and pending notarization," and five affidavits "pending approval and notarization by [a] now reluctant

4

affiant." (*Id.* at 1–2; *see* Docs. 34-1 to 34-15). In the Second Motion to Supplement, Plaintiff submits two affidavits that have been notarized. (Doc. 38 at 1; *see* Docs. 38-2, 38-3). Plaintiff states that "[i]ncluding these affidavits in the discovery process requires additional time for adequate review of their content and the potential for related follow-up." (Doc. 34 at 2). In the Third Motion to Supplement, Plaintiff states that he anticipates obtaining "three additional potential affidavits." (Doc. 39 at 1).

Upon review and consideration of the parties' submissions, Plaintiff's technical issues, and the outstanding discovery, the Court finds that a modest extension of the discovery period is warranted to account for the technical issues. Accordingly, the Court hereby **ORDERS** that the deadlines in the Scheduling and Discovery Order (Doc. 17) are extended through and including the following dates:

- Fact Discovery Deadline: **Monday, October 16, 2023**
- Dispositive and *Daubert* Motions Deadline: **Thursday, November 16, 2023**

The terms of the Court's Scheduling and Discovery Order are incorporated into this Order to the extent that they do not conflict.

Plaintiff is reminded that any discovery must be relevant to his claims for race discrimination, harassment, and retaliation under Title VII of the Civil Rights Act and for violations of the Fair Labor Standards Act and must be proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). To the extent Plaintiff is seeking to present affidavits in response to discovery requests, he must do so within the time provided. Furthermore, Plaintiff is reminded that he is required to conform to the Rules of Civil Procedure when requesting discovery, including the time and manner of making such requests. Accordingly, Defendant is not required to respond to any discovery requests that are not specifically allowed under the Rules of Civil Procedure or discovery requests regarding evidence the Court has not explicitly ordered Defendant to produce. If Defendant fails to respond to a request that Plaintiff believes is appropriate, Plaintiff is granted leave to file a motion to compel that conforms with the relevant rules and the Court's orders. Furthermore, Plaintiff has emailed the Court providing discovery. Pursuant to Local Rule 5.1, this is not appropriate. *See* M.D. Ga. L.R. 5.1 ("[T]he following discovery requests

and responses must not be filed until they are used in the proceeding or the court orders filing: (a) depositions, (b) interrogatories, (c) request for documents or to permit entry upon land, and (d) requests for admission."). The Parties are instructed, consistent with Local Rule 5.1, not to email or file discovery materials with the Court until either of the Parties file Motions for Summary Judgment or the Court specifically asks that such materials be filed. *See id.*

Accordingly, Plaintiff's Motion for Leave to File Over-Length Reply Brief is **DENIED** as moot. (Doc. 43). Plaintiff's three motions to supplement his Motion for a Forty-Five Day Extension of Time for Completion of Discovery are also **DENIED**. (Docs. 34, 38, 39).

### III. Future Requests for Court Action

Finally, the Court notes that it has received multiple emails from Plaintiff about his disagreement with Defendant's Counsel's conduct or communications, his complaints about the disadvantages he faces proceeding *pro se*, his request that the Court review the affidavits submitted with his Motion to Supplement, his objection to conducting depositions remotely, and a request for additional time to edit his audio files. The Parties are reminded that, under Federal Rule of Civil Procedure 7, "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). All motions must comply with the applicable Local Rules and "must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." *Id.* Accordingly, all requests for an extension or any other action by the Court must be submitted via a written motion and may not be made by telephone, email, or letter. The Parties are further reminded that the Scheduling and Discovery Order also requires the Parties to discuss the requested modification before filing a motion and to indicate in the motion whether the opposing party consents or objects to the requested modification. (*See* Doc. 17 ¶ 9 ("[P]rior to requesting an extension of any deadline set forth in the Scheduling and Discovery Order, . . . the parties shall confer regarding the proposed extension. The motion should indicate whether the non-moving party consents or objects to the requested modification.")). Compliance with this procedure will ensure that any such request is

promptly brought to the Court's attention and that all parties are notified about any request for Court action in a timely and adequate manner. The sole exception to this rule is the procedure set forth in the Court's Rules 16 and 26 Order regarding motions to compel or contested motions for protective orders:

> Before moving for an order relating to discovery, including motions to compel or contested motions for protective orders, the movant must request by email a conference with the Court. See Fed. R. Civ. P. 16(b)(3)(B)(v). When contacting the Courtroom Deputy, the email should include a *concise* statement of the issue(s) and a summary of each party's position.

(Doc. 13 at 4–5 (emphasis added); *see also* Doc. 17-1 at 5–6).

## CONCLUSION

Accordingly, for the reasons explained above, Plaintiff's Motion for a Forty-Five Day Extension of Time for Completion of Discovery (Doc. 29) is **GRANTED in part**, Plaintiff's Motions to Supplement Plaintiff's Motion for a Forty-Five Day Extension of Time for Completion of Discovery (Docs. 34, 38, 39) are **DENIED**, and Plaintiff's Motion for Leave to File Over-Length Reply Brief (Doc. 43) is **DENIED** as moot. Plaintiff's Motion for a Six Day Extension of Time to Produce Edited Audio Files (Doc. 37) is **DENIED**.

**SO ORDERED**, this 16th day of September, 2023.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**