IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JIM LEWIS, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 1:23-CV-8 (LAG) |
| : | |
| LOWES HOME CENTERS LLC, : | |
| : | |
| Defendant. : | |
| : | |

## **ORDER**

Before the Court is Plaintiff's Motion for Extension of Time to File Response to Defendant's Motion for Summary Judgment (Motion), which he filed on March 5, 2024. (Doc. 86). Defendant filed its Motion for Summary Judgment on November 16, 2024. (Doc. 65). This Court allowed Plaintiff two extensions, and his response was due on January 22, 2024. (Doc. 71; Doc. 76 at 1). Plaintiff then filed his response on February 5, 2024, and the response, which included both a Response in Opposition to Defendant's Motion for Summary Judgment and a Memorandum of Law in Support of Its Response in Opposition to Defendant's Motion for a Summary Judgment, exceeded Rule 7.4's page limitation. (Docs. 77, 78; *see also* Doc. 85 at 1–2). After the clerk's office entered a Notice of Deficiency on February 6, 2024, explaining that Plaintiff's filings exceeded the page limit under Local Rule 7.4, Plaintiff filed a Motion for Leave to File Over-Length Response, Memorandum of Law, and Statement of Material Facts. (Doc. 82; *see* Docket). The Court entered an Order allowing Plaintiff to file one Response in Opposition to Defendant's Motion for Summary Judgment (Response) of up to twenty-five pages and a concise Statement of Material Facts. (Doc. 85 at 2–4). The Court gave Plaintiff fourteen days to re-file his Response to comply with the Court's Order and Local Rule 7.4. (*Id.* at 4). Plaintiff's response was due on Wednesday, March 6, 2024. (*See* Docket).

In his most recent Motion, Plaintiff asks for an additional three weeks to re-file his Response. (Doc. 85 at 1). He represents that he and his immediate family members are dealing with serious ongoing medical issues and that "[d]ue to recent misleading statements by Lowe's regarding evidence . . . , [Plaintiff] has been compelled to allocate one week of essential time to address these inaccuracies[.]" (*Id.* at 1–2). Furthermore, Plaintiff represents that he recently received notice from the the Georgia Department of Labor of a March 7, 2024, appeal hearing regarding his application for unemployment benefits and that the short notice "poses a significant challenge for his preparation." (*Id.* at 2–3; Doc. 86-1 at 37–38). Plaintiff asserts that "[t]his additional time is crucial for [Plaintiff] to adequately prepare his response amidst these challenging circumstances." (*Id.* at 13). Finally, Plaintiff represents that though Defendant does not consent to this extension request, "there is an absolute absence of prejudice to [Defendant] in extending [Plaintiff's] response time." (Doc. 86 at 3).[1]

Defendant responded on March 6, 2024. (Doc. 87). Defendant first notes that Plaintiff has had three and a half months to respond to its Motion for Summary Judgment. (*Id.* at 4). Defendant then represents that it "has been and continues to be prejudiced by Plaintiff's pattern of repeated requests for extensions of time, violating page limitation requirements, and filing extraneous motions and briefs during the extended time periods

---

[1] Plaintiff dedicates a significant portion of his Motion to describing alleged misrepresentations by Defendant and a dispute between the parties regarding whether certain evidence attached to the briefing on Defendant's Motion for Summary Judgment was properly disclosed during the discovery period. (Doc. 86 at 4–13). Plaintiff asks that the Court "deny[] the admission of the associate [affidavits]" attached to Defendant's Motion for Summary Judgment, "permit the submission of all audio and photographic evidence" attached to Plaintiff's initial response to the Motion for Summary Judgment, and "impose appropriate sanctions on [Defendant] for their conduct." (*Id.* at 14). Plaintiff also requests "compensation for the time devoted to addressing these issues." (*Id.*). In response, Defendant asserts that Plaintiff's representations that "defense counsel has falsely stated or misled [Plaintiff] or the Court . . . . [are] baseless." (Doc. 87 at 6). Defendant further represents that "the fact that Plaintiff did not produce the audio file at issue [before attaching it to his initial response briefing] is undisputed and it certainly was not a false statement for defense counsel to point out to Plaintiff that he failed to produce the file in discovery." (*Id.* at 6–7). The Court declines to make any ruling regarding what evidence it is appropriate for the Court to consider in the Motion for Summary Judgment until the Motion for Summary Judgment is fully briefed. Furthermore, the Court finds no basis to impose sanctions on Defendant or to provide any compensation to Plaintiff for the time involved in addressing the discovery issues described in Plaintiff's Motion. (*See* Doc. 86 at 4–13).

granted to him by the Court." (*Id.* at 5–6). Furthermore, Plaintiff "has not presented good cause to show that a medical issue personally impacted him such that he was unable between February 21 and March 6, 2024[,] to combine and condense his over-length briefs . . . and streamline his statement if facts." (*Id.* at 6). Finally, Defendant asserts that Plaintiff's representation that he needs time to prepare for his unemployment appeal hearing does not "demonstrate good cause" because Defendant has told Plaintiff that it is no longer contesting Plaintiff's claim for unemployment benefits. (*Id.*).

Upon review and consideration, the Motion (Doc. 86) is **DENIED**.

**SO ORDERED**, this 6th day of March, 2024.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**